UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL B. PIERCE,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY NEKAMOTO, et al.,<br><br>Defendants. | Case No. 18-cv-07279-SI<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 1 |

# INTRODUCTION

Randall Pierce, formerly an inmate at the Santa Clara County Jail, filed this *pro se* civil rights action under 42 U.S.C. § 1983. In his complaint, he alleges that a doctor was deliberately indifferent "to several extremely serious medical needs etc., etc." that are not described in the complaint. Docket No. 1 at 3. His complaint is now before the court for review under 28 U.S.C. § 1915A.

# DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint fails to state a claim upon which relief may be granted. Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).[1] A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Pierce's complaint does not allege facts sufficient to plausibly show the violation of a right secured by the Constitution or laws of the United States by any defendant. Leave to amend is granted so that Pierce may file an amended complaint that proffers enough facts to state a claim for relief that is plausible on its face.

For each claim in his amended complaint, Pierce must name as defendants those individuals whose acts or omissions caused the violation of his rights under the Constitution or laws of the United States. He must link each person by alleging what that person did or failed to do that caused a violation of his rights. It is not sufficient to identify them as a group, e.g., the medical staff, and instead must provide the names and acts or omissions of individual persons. It is a plaintiff's responsibility to plead his claim(s); the court will not read through exhibits to the complaint to piece together a claim for a plaintiff.

The court provides the legal standards for § 1983 claims regarding medical care because Pierce's complaint concerns his medical care. In his amended complaint, Pierce must state whether he was a convict or a pretrial detainee at the time the relevant events occurred because the claims

---

[1] This requirement that the pleader allege enough facts to state a claim to relief that is plausible on its face stems from the rule that a complaint must allege "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Federal Rule of Civil Procedure 8(a)(2) "Specific facts are not necessary; the statement need only . . . give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted).

2

arise under different constitutional provisions (i.e., a convict's medical care claims arise under the Eighth Amendment's Cruel and Unusual Punishments Clause while a pretrial detainee's medical care claims arise under the Fourteenth Amendment's Due Process Clause) and those provisions now have different standards.

Deliberate indifference to a convicted prisoner's serious medical needs violates the Eighth Amendment's prohibition of cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). To establish an Eighth Amendment claim based on inadequate medical care, a prisoner-plaintiff must show: (1) a serious medical need, and (2) deliberate indifference thereto by a defendant. The subjective deliberate indifference standard that applies in an Eighth Amendment claim requires that the official know of and disregard an excessive risk to inmate health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. *See Toguchi*, 391 F.3d at 1060-61. If Pierce wishes to pursue an Eighth Amendment claim, he must allege facts in his amended complaint showing both a serious medical need and deliberate indifference thereto by each named defendant.

A pretrial detainee's claim arises under the Fourteenth Amendment's Due Process Clause and is governed by an *objective* deliberate-indifference standard rather than the subjective one that applies to a convicted prisoner's claim.

> [T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). For the third element, the defendant's conduct must be objectively unreasonable, "a test that will necessarily 'turn[] on the facts and circumstances of each particular case.'" *Id.* (alteration in original) (quoting *Castro v.*

*County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016)). "[T]he plaintiff must 'prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id*. (quoting *Castro*, 833 F.3d at 1071).

The complaint lists the County of Santa Clara as a defendant but does not state a claim against that entity. There is no respondeat superior liability under § 1983, i.e., no liability under the theory that one is liable simply because he employs a person who has violated a plaintiff's rights. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978)*; Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The mere fact that the alleged individual wrongdoer was employed by a defendant would not be a sufficient basis on which to hold the employing defendant liable. Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell,* 436 U.S. at 690. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). For municipal liability, a plaintiff must plead sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that the plaintiff is entitled to relief. *See AE v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). It is not sufficient to merely allege that a policy, custom or practice existed or that individual officers' wrongdoing conduct conformed to a policy, custom or practice. *See id.* at 636-68.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed for failure to state a claim upon which relief may be granted. Leave to amend is granted so that Pierce may attempt to allege one or more claims in an amended complaint. The amended complaint must be filed no later than **May 3, 2019**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Pierce is cautioned that his amended complaint must be a complete

statement of his claims.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.")  Failure to file the amended complaint by the deadline will result in the dismissal of the action.

**IT IS SO ORDERED**.

Dated: March 26, 2019

_____
SUSAN ILLSTON
United States District Judge